[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11575
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 24, 2011
JOHN LEY
CLERK

D.C. Docket No. 5:06-cv-00293-CAR


WILLIE B. TURNER,

                                                    Plaintiff - Appellant,

                            versus

HALE EDWARD BURNSIDE,
CALVIN RAMSEY,
ROGER HINKLE,
JOHN-1 DOE,
JOHN-2 DOE, et al.,

                                                    Defendants - Appellees,

OTIS RIGHT, et al.,

                                                    Defendants.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(October 24, 2011)

Before EDMONDSON, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Willie B. Turner sued Defendants under 42 U.S.C. § 1983 for violations of the Eighth and Fourteenth Amendments, alleging that Defendants were deliberately indifferent, first, to a substantial risk of serious harm to him and, second, to his medical needs. The district court granted Defendants' motion for summary judgment, and Turner appeals from that order. Finding no reversible error in the district court's decision, we affirm.

We review _de novo_ a grant of summary judgment, viewing the evidence, and drawing all reasonable inferences, in the light most favorable to the non-moving party. _Rodriguez v. Sec'y Dept. of Corr._, 508 F.3d 611, 616 (11th Cir. 2007). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

*I. Facts*

Turner's duties on work detail in the prison kitchen required him to operate the prison's electrical ovens. One particular oven had a history of malfunctioning; it had shocked inmates and prison employees in the past and had been taken out of service for repair a number of times. In fact, on the morning in question, Turner observed Otis Wright, the food services manager, get "popped" by the oven when he handled it himself. Later, Turner stood in two to three inches of water (which another inmate had poured onto the floor while cleaning), reached for the offending oven, and received a severe shock.

Turner was then taken to the prison's medical unit. The nurse on duty examined Turner and found he had a full range of motion in his extremities, his vital signs were normal, and he had no observable burns or injuries. An electrocardiogram was performed and returned normal results. The nurse alerted Dr. Hale Burnside of the incident, gave Turner over-the-counter pain medicine, and released Turner to his dorm. Dr. Burnside examined Turner later that morning; he did not see any observable burns, neurological issues, or objective changes in Turner's physical condition. Turner returned to the medical unit several times over the next two days, and each time he was treated, released, and instructed to return as needed. Approximately one week later, it was recommended that Turner see a neurologist, which he did. In fact, under the care

3

of the prison medical staff—for the electrical shock as well as other unrelated pre-existing and subsequent health issues—Turner saw a series of different specialists, underwent a variety of different diagnostic tests, and received a number of different medications.

Turner alleges Wright was deliberately indifferent to the substantial risk of serious harm presented by Turner's operation of the oven, and he alleges Dr. Burnside was deliberately indifferent to his medical needs resulting from the electrical shock he received.[1] We will address these claims in turn.

## II. Wright

A prison official violates the Eighth Amendment "when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not 'respond reasonably to the risk.'" *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003) (per curiam) (alterations omitted) (quoting *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1028 (11th Cir. 2001) (en banc)). To survive summary judgment on his § 1983 claim, a plaintiff must "'produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to

---

[1] Turner also sued Roger Hinkle and Calvin Ramsey for supervisory liability under § 1983. But because we conclude that there was no constitutional violation, we affirm summary judgment as to these defendants without further discussion. *See Sharp v. Fisher*, 532 F.3d 1180, 1184 (11th Cir. 2008) (per curiam).

that risk; and (3) causation.'"  *Id.* (quoting *Hale v. Tallapoosa Cnty., Ala.*, 50 F.3d 1579, 1582 (11th Cir. 1995)).  To satisfy the "deliberate indifference" standard, there must be more than a mere possibility of serious harm; instead, there must be a strong likelihood.  *See Edwards v. Gilbert*, 867 F.2d 1271, 1276 (11th Cir. 1989).  Moreover, "[e]ven assuming the existence of a serious risk of harm and legal causation, the prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists—and the prison official must also 'draw that inference.'"  *Carter*, 352 F.3d at 1350 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979 (1994)).

Prison officials may avoid Eighth Amendment liability by showing:

> (1) "that they did not know of the underlying facts indicating a sufficiently substantial danger and that they were therefore unaware of a danger"; (2) "that they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent"; or (3) that "they responded reasonably to the risk, even if the harm ultimately was not averted."

*Rodriguez*, 508 F.3d at 617–18 (quoting *Farmer*, 511 U.S. at 844, 114 S. Ct. at 1982–83 (1994)).

The district court reviewed the record evidence and concluded that there was insufficient evidence for a reasonable jury to conclude that Wright was aware the oven posed a substantial risk of serious harm; consequently, Turner did not

5

produce sufficient evidence of Wright's deliberate indifference to such a risk. We agree. Even assuming facts existed from which Wright could have inferred that the oven posed a substantial risk of serious harm, there is no evidence that he actually drew that inference. Had he inferred the oven could cause serious harm—and that there was a strong likelihood that such serious harm would arise—he would have avoided handling the oven himself.

### III.  Dr. Burnside

To establish a claim for inadequate medical treatment under the Eighth Amendment, a plaintiff must first show an objectively serious medical need that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Goebert v. Lee Cnty., Fla.*, 510 F.3d 1312, 1326 (11th Cir. 2007) (internal quotation marks omitted). Next, the plaintiff must show that the prison official acted with deliberate indifference to that serious medical need, by showing: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." *Id.* at 1326–27 (alterations omitted) (internal quotation marks omitted). Finally, the plaintiff must demonstrate causation between that indifference and his injury. *Id.* at 1326.

The evidence demonstrates that, after the incident, Taylor received prompt,

frequent, and thorough medical attention.  For example, Turner was examined both by the nurse on duty and by Dr. Burnside within hours of the incident; he returned to the medical unit numerous times over the ensuing days and weeks, and each time, he was treated and instructed to come back as needed.  Turner has, therefore, failed to demonstrate that Dr. Burnside was deliberately indifferent to any serious medical need, and summary judgment on this claim was appropriate.

## *IV.  Conclusion*

Because the record evidence does not support the conclusion that Defendants were deliberately indifferent, either to a substantial risk that Turner would be seriously harmed or to his serious medical needs, the district court did not err in granting Defendants' motion for summary judgment.[2]  Accordingly, we affirm.

**AFFIRMED.**

---

[2] Because we conclude that Turner has not established a constitutional violation, we do not address the applicability of qualified immunity.